IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY, a Delaware corporation,<br><br>    Plaintiff,<br>vs.<br><br>HARSAC, INC., a dissolved Utah corporation; and ALAN Z. SACHTER, an individual,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  1:12CV168 DAK |
| HARSAC, INC., a dissolved Utah corporation,<br><br>    Counterclaimant,<br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY, a Delaware corporation,<br><br>    Counterclaim Defendant. | |

    This matter is before the court on Defendants Harsac, Inc. and Alan Z. Sachter's (collectively, "Defendants") Motion for Partial Summary Judgment.  A hearing on the motion was held on January 9, 2015.   At the hearing, Defendants were represented by R. Stephen Marshall.  Plaintiff Union Pacific Railroad Company ("Union Pacific") was represented by Carolyn Montgomery and Benjamin Peter Harmon.  Before the hearing, the court carefully considered the memoranda and other materials submitted by the parties.  Since taking the

matter under advisement, the court has further considered the law and facts relating to this motion.  Now being fully advised, the court renders the following Memorandum Decision and Order.

**FACTUAL BACKGROUND**

Union Pacific and Harsac entered into a Lease dated July 20, 1995.  The Lease provided that Union Pacific, as lessor, leased to Harsac, as lessee, "the premises ('Premises'), at Ogden, Utah, as shown on the print dated October 17, 1994 marked Exhibit A, hereto attached and made a part hereof . . . ."  Exhibit A to the Lease, which constitutes the sole description of the property being leased to Harsac, depicts several buildings, including a cold storage warehouse and other buildings.

Union Pacific, which owns the real property on which the buildings stand, claims that it did not–and still does not--own the buildings.  Union Pacific contends that the only reason the buildings are depicted on the October 17, 1994 print is to identify exactly the boundaries of the real property leased by Harsac because there is no legal description of the underlying real property.   Union Pacific argues that the mere depiction of the buildings on the map does not create an ownership interest by Union Pacific in the buildings.   Defendants, however, urge the court to rule that the Lease and Exhibit A to the Lease unambiguously establish that Union Pacific owned the buildings.

The primary issue in the instant lawsuit is whether Union Pacific owns the buildings. Following the termination of the Lease, Union Pacific filed this suit claiming, among other

things, that it was Harsac's obligation to remove all structures on the Premises, including the buildings depicted on Exhibit A to the Lease. The basis for Union Pacific's claim is found in Section 15(A) of Exhibit B to the Lease, which provides that at the termination of the Lease, Harsac

> shall have removed from the Premises all structures, property and other materials not belonging to Lessor, and restored the surface of the ground to as good a condition as the same was in before such structures were erected, including, without limitation, the removal of foundations, the filling in of excavations and pits, and the removal of debris and rubbish.

According to Defendants, however, at some point while a previous Lease (the "Ogden Depot Lease") was in effect or at the termination of that lease, Union Pacific acquired all of the lessor's interest in the Ogden Depot Lease and the cold storage warehouse located on the property. Defendants contend that pursuant to Section 11 of the Ogden Depot Lease, following the termination of that lease on September 30, 1995, all of the structures on the property that was the subject of that lease became the property of Union Pacific, and Union Pacific was then able to lease that property to Harsac pursuant to the Lease. Therefore, Defendants argue, because the buildings were owned by Union Pacific, Harsac had no obligation to remove them at the termination of the Lease.

## DISCUSSION

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion of summary judgment, the court views "all

facts [and evidence] in the light most favorable to the party opposing summary judgment." *S.E.C. v. Smart*, 678 F.3d 850, 856 (10th Cir. 2012) (quoting *Grynberg v. Total S.A.*, 538 F.3d 1336, 1346 (10th Cir. 2008)).  The movant must prove that no genuine issue of material fact exist for trial.  *See* Fed. R. Civ. P. 56(a); *Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010).  Accordingly, to survive summary judgment, "the nonmoving party must come forward with specific facts showing there is a genuine issue for trial."  *Smart*, 678 F.3d at 858 (quoting *L & M Enters. v. BEI Sensors & Sys. Co.*, 231 F.3d 1284, 1287 (10th Cir. 2000)).

Defendants argue that the court need only consider the 1995 Lease and Exhibit A to the lease to determine that Union Pacific owns the buildings at issue.  The court disagrees.  First, as Union Pacific argues, "[i]t is axiomatic that one can convey only that interest in property that one actually owns."  *See Drazich v. Lasson*, 964 P.2d 324, 327 (Utah Ct. App. 1998).   If Union Pacific did not own the Buildings located on the real property that it leased to Harsac, it could not convey a leasehold interest in the Buildings.

Defendants have not demonstrated that no genuine dispute exists as to whether Union Pacific owns the buildings.[1]  For example, there is some evidence that Defendants purchased the buildings from Utah Farm Production Credit Association.  There is also evidence that

---

[1] While Defendants have objected to some of the evidence offered by Union Pacific, the court finds that there is sufficient admissible evidence set forth by Union Pacific to create disputed facts concerning the ownership of the buildings.  At this juncture, the court declines to rule on the specific objections.  As the trial date approaches and the pretrial disclosures are made, Defendants may file motions in limine, if appropriate, regarding these evidentiary issues.

Defendants paid the taxes assessed on the Buildings–but not on the underlying land–from 1980 through 2011, although Defendants now claim that this was a mistake and that Union Pacific should reimburse them.  For this reason, Defendants' motion must be denied.

Moreover, even if this were simply a contract-interpretation issue, as argued by Defendants, the court finds that the Lease and Exhibit A are ambiguous.  A contractual term or provision is ambiguous "if it is capable of more than one reasonable interpretation because of 'uncertain meanings of terms, missing terms, or other facial deficiencies.' " *WebBank v. Am. Gen. Annuity Serv. Corp.*, 54 P.3d 1139 (Utah 2022) (quoting *SME Indus., Inc. v. Thompson, Ventulett, Stainback & Assocs., Inc.*, 28 P.3d 669 ) (Utah 2001)).

In *Ward v. Intermountain Farmers Association*, the Utah Supreme Court indicated that contractual ambiguity can occur in two different contexts: (1) facial ambiguity with regard to the language of the contract and (2) ambiguity with regard to the intent of the contracting parties.  907 P.2d 264, 268 (1995).   The *Ward* court set forth a two-part standard for determining facial ambiguity.  First, "[w]hen determining whether a contract is ambiguous, any relevant evidence must be considered.  Otherwise, the determination of ambiguity is inherently one-sided, namely, it is based solely on the extrinsic evidence of the judge's own linguistic education and experience." *Ward*, 907 P.2d at 268 (internal quotation and citation omitted).  Second, after a judge considers relevant and credible evidence of contrary interpretations, the judge must ensure that "the interpretations contended for are reasonably supported by the language of the contract." *Id*. at 268.

Here, after considering the relevant and credible evidence offered by Union Pacific, the court finds that both Union Pacific's and Defendants' interpretations of the Lease and Exhibit A are reasonably supported by the Lease and Exhibit A, neither of which contains a legal description of the underlying real property or any definition of the "Premises."

Accordingly, because of the factual determinations that must be made to interpret the Lease, this court cannot rule as a matter of law that Defendants had no obligation to remove the buildings at issue. A jury must decide whether Union Pacific owned the buildings depicted on Exhibit A to the Lease.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Motion for Partial Summary Judgment [Docket No. 45] is DENIED. The parties are directed to contact the court to set a date for a 3-day bench trial for a date after September 1, 2015. Approximately six weeks prior to the trial date, the court will issue a Trial Order setting forth trial-related deadlines.

DATED this 31st day of March, 2015.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge